# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:05 CV 309

| | |
|---|---|
| DAWN LATHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOANNE B. BARNHART, ) | |
| Commissioner Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion for Summary Judgment" (Document No. 9) and "Plaintiff's Brief Supporting Motion for Summary Judgment" (Document No. 10), filed February 6, 2006, and the "Motion for Summary Judgment" (Document No. 11) and "Memorandum in Support of the Commissioner's Decision" (Document No. 12), filed April 7, 2006 by Defendant. This matter is now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the there is substantial evidence to support Administrative Law Judge's decision to deny Social Security disability benefits to Plaintiff. Accordingly, the undersigned will **DENY** Plaintiff's Motion for Summary Judgment, **GRANT** the Commissioner's Motion for Summary Judgment, and **AFFIRM** the Commissioner's decision.

## I. PROCEDURAL HISTORY

On October12, 2000, Ms. Lathe applied for a period of disability and Social Security

disability insurance benefits, alleging that she became unable to work on February 28, 2000, as a result of fibromyalgia, sarcoidosis, asthma, and a sleep disorder. Social Security denied Ms. Lathe's claim, both initially and on reconsideration. Ms. Lathe requested a hearing before an Administrative Law Judge ("ALJ"), which was held July 18, 2002. On July 28, 2002, the ALJ issued an opinion denying Ms. Lathe's claim.

Subsequently, Ms. Lathe filed an untimely Request for Review of Hearing Decision. The Appeals Council found good cause for the late filing, granted Ms. Lathe's Request for Review, and issued an Order remanding the case to the ALJ on January 9, 2004. A second hearing was held on June 7, 2004. The ALJ again reached an unfavorable decision. The Appeals Council denied a subsequent request for review, making the hearing decision the final decision of the Commissioner on April 28, 2005.

Ms. Lathe filed this action on June 24, 2005, and the parties' cross-motions for summary judgment are ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), the Fourth Circuit defined "substantial evidence" as

> being "more than a scintilla and do[ing] more than creat[ing] a
> suspicion of the existence of a fact to be established. It means such

>relevant evidence as a reasonable mind might accept as adequate to
>support a conclusion.

Id. (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.") Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before this Court is whether there is substantial evidence to support the ALJ's decision not to give controlling weight to the treating physician Dr. Crowley's opinion. After consideration of all testimony, argument, and exhibits, the ALJ concluded in his written opinion that Ms. Lathe suffers from sarcoidosis, fibromyalgia, asthma, and bilateral cava varus feet, all of which are "severe" impairments within the regulatory meaning, but that no impairment or combination of impairments meets or medically equals one of the impairments listed in Appendix 1, Subpart P,

Regulations No. 4. (Tr. 79-80.) The ALJ determined that Ms. Lathe had the residual functional capacity to perform "light" work. (Tr. 80-82.) In making that determination, the ALJ considered Ms. Lathe's subjective complaints of pain, daily activities, statements made by treating and examining physicians, her medication, and any side effects from that medication, pursuant to 20 C.F.R. §§ 404.1529 and 416.929. (Id.)

Ms. Lathe contends that the ALJ failed to apply the appropriate legal standard in evaluating Dr. Crowley's opinions on the nature and severity of Ms. Lathe's impairments. A treating physician's opinion is entitled to controlling weight if the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [the] impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and it is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R §§ 404.1527(d)(2) & 416.927(d)(2). Furthermore, "the opinion of a claimant's treating physician [should] be given great weight and may be disregarded only if there is persuasive contradictory evidence." Coffman v. Bowen, 829 F.3d 514, 517 (4th Cir. 1987). However, if the treating physician's opinion is inconsistent with other substantial evidence, "it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

This Court finds that the ALJ properly stated and applied the relevant legal principles. The ALJ followed the guidelines set forth in 20 C.F.R. §§ 404.1529 and 416.929, considered the relevant testimony, and gave support for his decision not to grant controlling weight to the treating physician's opinion pursuant to Social Security Ruling 96-8p. In this case, the ALJ's findings were based, in part, on substantial evidence that was inconsistent with Dr. Crowley's report. Ms. Lathe had the ability to do household chores and care for her children, two of which were pre-school age.

Most of Ms. Lathe's medical impairments were stable with medication. Finally, Ms. Lathe stated that she could lift 15-20 pounds without pain, whereas Dr. Crowley's report stated that she could only lift 5-10 pounds. The ALJ did adopt parts of Dr. Crowley's opinion that were not contradicted by more persuasive evidence such as that Ms. Lathe's pain did not affect her memory or concentration. This Court finds that there is enough evidence for a reasonable person to establish that Dr. Crowley's opinion was not entitled to controlling weight.

Based on the foregoing, the undersigned concludes that there was substantial evidence to support the ALJ's findings that the Ms. Lathe's treating physician's opinion was not entitled to controlling weight.

## IV. ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Plaintiffs "Motion for Summary Judgment" (Document No. 9), filed February 6, 2006, is **DENIED**; the Defendant's "Motion for Summary Judgment (Document No. 11), filed April 7, 2006, is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: June 21, 2007

*[Signature]*

Graham C. Mullen
United States District Judge